THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
*v.* A. E. CARR.

E. A. ANDRUS, COMPLAINANT AND APPELLANT.

*Review of a judgment of a County Court, dismissing an appeal from a judgment for costs, rendered by the Special Sessions against a complainant in a prosecution for petit larceny.*

Upon the trial of a prisoner before a Court of Special Sessions, upon a charge of petit larceny, a verdict was rendered of "not guilty." The jury also found "that the prosecution was malicious." The court having ordered the complainant to pay the costs of the proceedings, and he having failed to do so, a judgment was entered against him for such costs, from which judgment he appealed to the County Court where the appeal was dismissed.

The only question presented on the appeal was whether the appellant had a right to appeal to the County Court from such judgment.

*Held,* that sections 3044 and 3045 of the Code of Civil Procedure only provided for the review of a judgment rendered by a justice of the peace in a civil action, and that the provisions of the said sections were not applicable to this case.

APPEAL by defendant E. A. Andrus from a judgment of the Otsego County Court, entered in the office of the clerk of the county of Otsego, on the 30th day of July, 1889, dismissing an appeal taken by him from a judgment of a Court of Special Sessions in Otsego county.

*W. J. Palmer,* for the appellant.

*Charles T. Brewer,* for the respondent.

MARTIN, J.:

The defendant was arrested for petit larceny, on the complaint of the appellant, and tried before a Court of Special Sessions in Otsego county. A jury was called by the defendant. The trial resulted in a verdict of "not guilty" The jury also found "that the prosecution was malicious." The court thereupon ordered the appellant, who was the prosecutor, to pay the costs of the proceedings, which amounted to $12.50. The costs were not paid, nor did the appellant give security to pay the same to the county within thirty days. The court then entered judgment against the appellant for the amount of such costs. From that judgment the appellant appealed

to the Otsego County Court, where the appeal was dismissed. An appeal was then taken to this court from the order of the County Court dismissing such appeal.

The sole question presented on this appeal is, whether the appellant had a right of appeal to the County Court from the judgment thus entered. That the right of appeal in such a case is not given by section 749 of the Code of Criminal Procedure was held in *People* v. *Norton* (33 Hun, 277; 2 N. Y. Crim. R., 322), and is admitted by the appellant.

The appellant claims that the right is given by sections 3044 and 3045 of the Code of Civil Procedure. These sections provide that the only mode of reviewing a judgment rendered by a justice of the peace *in a civil action* is by appeal to the County Court. It will be observed that the right of appeal there given is limited to an appeal from a judgment rendered in a civil action, and no provision is made for an appeal in any other. Therefore, unless the judgment sought to be reviewed can properly be said to have been rendered in a civil action, it is quite obvious that no authority for this appeal can be found in the sections mentioned. Thus the question is presented whether the judgment entered by the court of Special Sessions in this case was a judgment rendered in a civil action.

That the trial, verdict and order to pay costs were had, rendered and made in a criminal, and not in a civil, action is not denied. But the appellant's claim is, that the judgment was "a civil judgment and must be enforced in all respects as if rendered in a civil action." While it must be admitted that such a judgment, when rendered, is to be enforced in the same manner as a judgment rendered by a Justice's Court, yet, it does not follow that the judgment is rendered in a civil action, nor that it falls within the provisions of the Code of Civil Procedure relating to appeals in civil actions. That this was a criminal action there can be no doubt, and we know of no process by which such an action could be transformed into a civil action. The right given by the Code of Criminal Procedure to impose costs upon the prosecutor, where the prosecution is found to have been malicious, is a mere incident to the action, and the proceeding to enforce their collection is a proceeding in the action. The judgment is to be entered by the court in which the action is tried, and not by the justice acting in his capacity as a civil magis-

trate. (Code Crim. Pro., § 720.) It was not intended that the provisions of section 720 should have the effect to change the action from a criminal to a civil action, but the purpose of that section was, to prescribe a mode of procedure to be adopted in a criminal action for the collection of such costs when imposed.

We do not think a judgment rendered in pursuance of sections 719 and 720 of the Code of Criminal Procedure can be held to be a judgment in a civil action. Nor do we think the provisions of sections 3044 and 3045 of the Code of Civil Procedure applicable to such a case. But it is claimed that unless this appeal is sustained, there can be no review of the judgment appealed from. If this were admitted, and if it were conceded that a right to review such a judgment should exist, still, we would not be justified in holding that a right of appeal from a judgment rendered in a criminal action is given by those sections of the Code of Civil Procedure. If the law is defective, its defects should be supplied by legislative rather than judicial action.

As was said by SMITH, P. J., in *People* v. *Norton*, (*supra*), " It may well be that the legislature intended to provide no appeal from judgments of this nature, as they do not involve the merits of the prosecution, and the amount of costs chargeable upon a prosecutor in a Court of Special Sessions can never be large."

We think the County Court properly dismissed the appeal in this case, and that the order appealed from should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed.